### 47005. WAGES v. CHEMICAL LEAMAN TANK LINES, INC.

EBERHARDT, Judge. This action for personal injuries arose from a collision between plaintiff's automobile and defendant's tractor-trailer truck, and it involves the usual questions of negligence, proximate cause, etc., normally found in such cases. At the close of plaintiff's evidence defendant made a motion for directed verdict, which was overruled. The defendant put up its evidence, the court charged the jury, exceptions to the charge were made and overruled, and the jury began its deliberations at 4:45 p.m. At 6:40 p.m. the jury returned without being able to reach a verdict. Upon questions from the court, it appeared that the jury did not desire additional instructions but were unable to agree on whether defendant

had its turn signals on at the time of the collision, as to which there was a conflict in the evidence. The court stated that the jury must resolve such questions themselves as matters of evidence, and sent the jury back out. Defendant then renewed its motion for directed verdict, which the court took under advisement. The jury returned at 7:10 p.m., again unable to reach a verdict, and requested certain re-charges which the court gave. The jury was again sent out, and again returned at 7:17 p.m. without a verdict, whereupon the following transpired: "The Court: Mr. Foreman, have you arrived at a verdict? Foreman: No, sir. The Court; Anything else I can help you with? Foreman: Not as I know of. The Court: Mr. Birdsong, you may take an order sustaining your motion for a directed verdict for the defendant." Plaintiff appeals. *Held:*

1. The motion to dismiss the appeal is denied.
2. We are no more able to resolve the factual issues involved in this case than was the jury, nor are we authorized to do so. We are certainly unable to demonstrate that there is no conflict in the evidence as to any material issue and that the evidence introduced, with all reasonable deductions therefrom, demands a verdict for defendant. CPA § 50 (*Code Ann.* § 81A-150). Consequently, the judgment must be

*Reversed. Bell, C. J., and Evans, J., concur.*

SUBMITTED MARCH 7, 1972—DECIDED MARCH 16, 1972—REHEARING DENIED MARCH 24, 1972.

*James I. Parker, James E. Weldon,* for appellant.
*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellee.